# EXHIBIT A



Alison Lundergan Grimes
Secretary of State

**Commonwealth of Kentucky**
**Office of the Secretary of State**

Summons Division
PO BOX 718
FRANKFORT, KY 40602-0718

December 8, 2017

RECEIVED

BY: *MAIL*

LINCOLN NATIONAL INS. CO.
8801 INDIAN HILLS DRIVE
OMAHA, NE 68114-4066


FROM:   SUMMONS DIVISION
        SECRETARY OF STATE

RE:     CASE NO: 17-CI-06386

COURT:  Circuit Court Clerk
        Jefferson County, Division: 5
        700 West Jefferson St.
        Louisville, KY 40202
        Phone: (502) 595-3055

Legal action has been filed against you in the captioned case. As provided under Kentucky law, the legal documents are enclosed.

**Questions regarding this action should be addressed to:**

(1) **Your attorney, or**
(2) **The attorney filing this suit whose name should appear on the last page of the complaint, or**
(3) **The court or administrative agency in which the suit is filed at the clerk's number printed above.**

The Kentucky Secretary of State has NO POWER to make a legal disposition of this case. Your responsive pleadings should be filed with the clerk of the court or agency where the suit is filed and served directly on your opposing party.

No copy of future pleadings need be sent to this office unless you wish us to serve the pleading under a particular statute or rule and pay for said service.

| | | | | |
|---|---|---|---|---|
| AOC-105  Doc. Code: CI  Rev. 1-07  Page 1 of 1  Commonwealth of Kentucky  Court of Justice   www.courts.ky.gov  CR 4.02; CR Official Form 1 | [SEAL]  **CIVIL SUMMONS** | Case No. **17CI06386** | Court ✔ Circuit ☐ District | County Jefferson |

JEFFERSON CIRCUIT COURT
DIVISION FIVE (5)

**PLAINTIFF**

WILLIAM MALONE, JR.

VS.

BY MAIL

**DEFENDANT**

LINCOLN NATIONAL   INS. CO.
8801 INDIAN HILLS DRIVE
OMAHA NE 68114-4066

DEC 05 2017

**Service of Process Agent for Defendant:**
SECRETARY OF STATE

___

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: DEC - 1 2017, 2_____

DAVID L. NICHOLSON, CLERK

By: _____ D.C.  _____ Clerk

---

**Proof of Service**
This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

_____

this ____ day of _____, 2____.

Served by: _____

_____ Title

NO. **17CI06386**

JEFFERSON CIRCUIT COURT
DIVISION _____

WILLIAM MALONE, JR.

v.

COMPLAINT

LINCOLN NATIONAL LIFE
INSURANCE CO.
8801 INDIANA HILLS DRIVE
OMAHA, NE 68114-4066

SERVE:
SECRETARY OF STATE



A COPY
ATTEST: DAVID L. NICHOLSON, CLERK
JEFFERSON CIRCUIT COURT
LOUISVILLE, KENTUCKY
BY: _____ D.C.

\*\*\* \*\*\* \*\*\*

Comes the Plaintiff, WILLIAM MALONE, JR., by counsel, and for his cause of action against Defendant states as follows:

PARTIES AND VENUE

1. Plaintiff is a resident of Louisville, Jefferson County, Kentucky.

2. Defendant, Lincoln, (hereinafter "carrier" or "Defendant" or " Lincoln" ) is a corporation doing business in the Commonwealth of Kentucky.

3. This is an action brought by a participant to recover long term disability benefits ("LTD" respectively) due to him under the terms of an insurance plan governed by §502(e) of the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1132(e), which is more specifically, a contract for disability insurance and wage replacement benefits.

4. This Court has jurisdiction pursuant to §502(e) of the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1132(e).

FACTS

5. Plaintiff was a full-time employee of employer. ("employer") for a sufficient time period so as to be eligible for wage replacement coverage under the terms of an insurance contract identified as, Claim #1130003355.

6. As a full time employee, Plaintiff was eligible for, and was participating in the short and long-term disability plan ("plan") offered by employer.

7. At all times relevant to this Complaint, the Plan was administered by Lincoln and at all relevant times Lincoln remained the so called "plan administrator".

8. By virtue of Plaintiff's medical impairments, and according to medical personnel, it is apparent that Plaintiff is permanently and totally disabled.

9. During the appeal process Lincoln compelled the Plaintiff to apply for Social Security Disability Benefits ("SSDI).

10. Plaintiff then applied for and was approved Short Term Disability benefits ("STD") by Lincoln. He was then applied for LTD benefits and was paid for a short period. Subsequently, and for reasons that are medically mysterious, Lincoln re-reviewed the file an opted to terminate further wag replacement benefits.

11. Plaintiff has thusly exhausted administrative remedies under the plan.

12. Lincoln's in house medical review performed by the Defendant's "hired medical reviewer(s)", practitioner(s) of unknown qualifications, erroneously concluded that the Plaintiff was able to perform an occupation. The Defendant Lincoln fails to offer a rational basis as to why it does not concur with a diagnosis of disability consistent with Plaintiff's treating physicians.

13. Lincoln's in-house reviewing staff erroneously concluded that the Plaintiff was capable of returning to work and to work full time, as he did before the onset of his disability. Furthermore, Lincoln refused to consider all of the Plaintiff's medical ailments and combined effect on him to terminate benefits. Said action is in violation of Sixth Circuit jurisprudence.

14. Lincoln's refusal to consider Plaintiff's combination of medical impairments, and the effect each has on the other, is error. The Claimant is entitled to have the combination of all impairments considered under the Plan. The Defendant so callously ignored substantive medical proof that it cannot now enjoy the, so-called, arbitrary and capricious standard of review despite plan language to the contrary, and the medical history should be reviewed de novo.

15. Lincoln is legally unable to deny Plaintiff's benefits based on even its own medical and vocational findings.

16. Since Lincoln compelled Plaintiff to apply for SSDI benefits it is bound by the decision of the SSA.

17. Any physician who has personally treated the Plaintiff has never questioned the permanency and totality of Plaintiff's disability.

18. Defendant Lincoln's conclusions that Plaintiff is not totally disabled was arbitrary and capricious, based on faulty data, flies in the face of the longitudinal medical evidence from the treating sources, and was executed in violation of relevant provisions of the plan.

19. At all relevant times Lincoln was acting under a conflict of interest as it was the entity which determined if the Plaintiff was disabled and the entity which is responsible for payment of LTD wage replacement benefits. Accordingly, the Plaintiff is entitled to discovery over and above that which is customarily permitted in cases litigated under the ERISA statute.

20. Since Plaintiff was awarded said SSDI benefits due to his medical condition. Defendant cannot ignored the finding of SSA without adequate explanation in its decision and thusly violated of sixth circuit jurisprudence. Whitaker v. Lincoln Life and Accident Co. 404 F.3d 947 (6th Cir. 2005).

21. Due to Defendant's actions Plaintiff is entitled to discovery exceeding standard ERISA protocol.

## COUNT 1
## DENIAL IS IN VIOLATION OF ERISA STATUTE

22. Pursuant to the ERISA statute Plaintiff is entitled to long-term disability benefits under the Plan.

23. Defendant has wrongfully denied Plaintiff LTD benefits and has breached the terms of the Plan under the dictates of the ERISA statute.

24. Defendant's decision to deny Plaintiffs benefits and their claim handling have been arbitrary and capricious and is not supported by substantial evidence, and is tantamount to a breach of contract, violating Plaintiff's expectations pursuant to the contract of wage replacement insurance.

WHEREFORE the Plaintiff prays as follows:

1. For payment of disability benefits due to him, calculated from the date benefits were ceased until the present, with interest to the extent permitted by law;

1. For attorney's fees and expenses that Plaintiff has incurred for enforcing his contractual rights as well as his ERISA rights;

2. For any and all equitable relief Plaintiff is entitled to under common law contract theory, tort, or under ERISA, including Defendants' assistance in remedying any damage its termination of benefits has caused respecting Plaintiff's credit history;

3. For any other attorney fees and costs expended in connection with the unlawful denial of benefits;

4. For any and all relief to which Plaintiff may be entitled under any legal claim, whether it be pursuant to a contract claim, state based statutory claims, federal ERISA based claims, or other claims that may arise once discovery is complete.

Respectfully submitted,

_____

ROBERT A. FLORIO
1500 Story Ave
Louisville, KY 40206
Counsel for Plaintiff
502-587-0228